FILED
2007 Jan-30 PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON

| | |
|---|---|
| MICHAEL E. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: ) |
| SCOTT LOWERY LAW OFFICE, P.C.; CACH, LLC | ) ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for his Complaint against the Defendants[1] states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act[2] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]) regarding improper collection activities. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

---

[1] Any reference to Defendant or Defendants refers to both singular and plural.

[2] Any reference to the Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and all Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

### Parties

4. The Plaintiff, MICHAEL E. JONES ["Plaintiff"], is a natural person who resides within this Judicial District and who works as an agent for the Drug Enforcement Agency.

5. Defendant SCOTT LOWERY LAW OFFICE, P.C. ["Defendant" or "Lowery"] is a foreign company that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principle place of business is outside the State of Alabama.

6. Defendant CACH, LLC ["Defendant CACH"] is a foreign company that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principle place of business is outside the State of Alabama.

### Factual Allegations

7. Plaintiff had cosigned with his sister on a Household Automotive Finance Corp. ("Household") loan.

8. Apparently Plaintiff's sister defaulted on the loan.

9. Plaintiff picked up the vehicle and then called Household around April 6, 2006, to inquire about the payment history and what he needed to do to bring the loan current.

10. Household gave him a number to Defendant and told him he needed to deal with Defendant.

11. In April 2006 Plaintiff spoke with several representatives of Defendant who told him that the Defendant was working on behalf of Household and that if the Plaintiff would pay $4500 then the repossession process would end and regular payments to Household would begin. Plaintiff was also promised that if Plaintiff made the $4500 payment, the appropriate paperwork would be sent out so that Plaintiff could get the car titled in his name and obtain insurance on it.

12. Plaintiff asked for something in writing from Defendant and this was refused.

13. The reason Plaintiff paid the $4500 was that he reasonably and justifiably relied upon the representations made by Defendants that the repossession process would end; regular payments on the car could begin; and all necessary paperwork to allow the car to be insured and titled would be provided.

14. At the time the representations were made, the Defendants had the present intent to deceive as they had no intention of performing the promises they made.

15. Plaintiff sold his automobile to come up with the funds.

16. The funds were sent to the Defendants in late April and early May 2006 in two separate certified funds of $2500 and $2000. The check numbers are 742593757 and 742593790.

17. After the initial communication the Defendants did not send out the required § 1692g Notice to explain to Plaintiff that he had the option to dispute the debt or request validation and verification.

18. The fact that this would not be sent to Plantiff was suppressed by the Defendants.

19. Had the Plaintiff received the required §1692g Notice, he would have requested verification and validation before he sent the $4500 to Defendants.

20. Plaintiff repeatedly asked for proper documentation from Defendants but did not receive anything in writing.

21. On May 31, 2006, Plaintiff sent a letter certified mail to both Defendants requesting information on the amount of the debt, the original paperwork, the amount still owed, and acknowledgment that he had paid Defendants $4500. The Plaintiff demanded a refund of his money because he believed he was the victim of fraud as he had not received the often requested paperwork. The letter also referenced that Defendants had called Plaintiff multiple times a day before he was tricked into paying the $4500.

22. After sending the above referenced letter, Defendant Lowery sent a letter dated May 31, 2006, which gave the account number and the amount claimed of $13,940.75. This was the first written communication from Defendants and it did not address all of the concerns set forth in Plaintiff's letter of May 31, 2006. No further letter was sent by Defendants addressing the concerns of the May 31, 2006, letter from Plaintiff.

23. Plaintiff made numerous phone calls to Defendants to try to get someone to explain what happened to his money but he was only told that he had to make additional payments.

24. On October 24, 2006, Plaintiff sent a letter to Defendant Lowry explaining some of the violations of the Defendants. Plaintiff again requested verification.

4

25. On November 28, 2006, Defendant Lowry sent a letter (unsigned by any attorney or other person) that said that the debt was assumed to be valid because "you did not timely write to us disputing the debt" which misrepresents the law (no requirement that the dispute be in writing) and the facts (as Plaintiff did in fact make oral and written disputes concerning the debt). It is impossible to know when a "timely" dispute would need to be made as Defendants never sent out the required written § 1692g Notice and never sent one out within five days of the first contact with Plaintiff.

26. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

27. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

28. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals' (or entities') employment, agency or representation.

29. All actions of Defendant Lowery were taken with full knowledge, approval, and ratification of Defendant CACH, LLC.

30. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were

taken in violation of the FDCPA, and state law and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA, and state law.

31. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account as set forth in this Complaint and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

32. Based upon information and belief, the Defendants are treated as one entity by the owners and therefore the actions of one are the actions of the other.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

34. Defendants, which are debt collectors under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

   a. Misrepresenting the nature and amount of the debt allegedly owed;

   b. Refusing to send the required § 1692g Notice at all and certainly not within five days of contact so that the Plaintiff would be informed of his rights;

   c. Refusing to verify or to provide validation of the debt;

   d. Misrepresenting the facts in the communications that Defendants have had with Plaintiff;

e. Using deception and misrepresentation to obtain the $4500 from the Plaintiff;

f. Making numerous and frequent harassing phone calls;

g. Refusing to acknowledge payment of the $4500.;

h. Misrepresenting the law; and

i. Misrepresenting that Plaintiff has not given his "cooperation".

35. Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

37. Defendants committed fraud against Plaintiff by misrepresenting the status of the debt, the imminent repossession of the vehicle and the other items set forth in this Complaint.

38. Defendants committed fraud against Plaintiff by misrepresenting the effect of the $4500 payment and suppressing the truth of what actions the Defendants could presently take and would take in the future.

39. At the time of the misrepresentations, Defendants had the present intent to not perform per their representations.

40. Defendants suppressed the fact that no § 1692g Notice was going to be sent to Plaintiff setting forth his rights.

41. Plaintiff reasonably and justifiably believed and relied upon the misrepresentations and suppressions of the Defendants to his detriment.

7

42. The misrepresentations and suppressions of material facts were made intentionally, recklessly, negligently, and/or innocently.

43. Defendants repeatedly called Plaintiff before the payment of $4500 in a harassing manner, particularly while Plaintiff was out of town for a trial in which he needed to testify in. Plaintiff informed Defendants not to call him but his request was not honored. This constitutes harassment and invasion of privacy.

44. The Defendants negligently and/or recklessly hired, supervised, trained, or selected the other debt collectors who dealt with Plaintiff. Each Defendant knew that the other Defendant was incompetent and each Defendant knew or should have known that the other Defendant would violate state and federal law but yet these incompetent debt collectors were used throughout the dealings with Plaintiff.

45. The Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this complaint.

46. Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

### THIRD CLAIM FOR RELIEF
### RELIEF SOUGHT

47. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

48. Plaintiff also requests all further relief to which he is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

*[signature]*

John G. Watts ASB-5819-T82J
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL 35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

*[signature] Stan Herring / by JGW w/ express permission*

M. Stan Herring ASB-1074-N72M
Attorney for Plaintiff

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL 35233
(205) 714-4443
(205) 714-7177 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

*[signature]*

Attorney for Plaintiff

9

**Serve defendants via certified mail at the following addresses.:**

CACH, LLC
c/o The Corporation Company
1675 Broadway
Denver, CO 80202

Scott Lowery Law Office, P.C.
c/o Texie Lowery
370 17th Street
Suite 5000
Denver, CO 80202